IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CRISTOBAL JARAMILLO,

    Plaintiff,

v.                        No. Civ. 09-768 LH/RHS

SHAMROCK CHEVROLET and
GROUP ONE AUTOMOTIVE, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Strike Certain Affidavits Submitted by Plaintiff (Doc. 44), filed February 22, 2011, and on Defendants' Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 40), filed December 17, 2010.  The Court, having considered the parties' arguments and the relevant law, and otherwise being fully advised in the premises, finds that the motion to strike should be **denied** and that the motion for summary judgment is rendered **moot**.

    **I.  BACKGROUND**

On August 7, 2009, Plaintiff filed his original Complaint, *pro se*, alleging racial discrimination and retaliation against Group One Automotive, Inc. ("Group One") and Shamrock Chevrolet, Plaintiff's previous employer and one of Group One's car dealerships located in Lubbock, Texas.  Plaintiff later retained counsel and filed his First Amended Complaint on July 20, 2010, alleging discrimination and retaliation under Title VII, a violation of 42 U.S.C. § 1981, and a violation of the New Mexico Human Rights Act against both Group One and Shamrock Chevrolet.  Factually, Plaintiff claims that he was subject to racially derogatory comments while working at Shamrock Chevrolet and that he was terminated because of his support of a co-

1

worker in an independent racial discrimination lawsuit against Group One.

Pursuant to the Court's Scheduling Order, the termination date for discovery was October 1, 2010. (Doc. 34). On December 17, 2010, Defendants moved for summary judgment, requesting dismissal of each of Plaintiff's claims with prejudice. (Doc. 40.) Plaintiff responded in opposition to Defendants' summary judgment motion on February 2, 2011, attaching the affidavits of Robert Medina, (Doc. 42, Ex. 2), and Lucille Quezada, (Doc. 42, Ex. 3). Thereafter, on February 22, 2011, Defendants filed a reply to Plaintiff's response and a notification that briefing was complete on their motion for summary judgment. That same day, Defendants filed a motion to strike the affidavits of Mr. Medina and Ms. Quezada, asking the Court to disregard these affidavits in deciding the pending summary judgment motion.

The first affidavit that Defendants move to strike is the affidavit of Robert Medina.[1] According to the affidavit, Mr. Medina was the Finance Director at Casa Chevrolet, a former Group One dealership in Albuquerque, New Mexico from February 2002 to March 2008. (Doc. 42, Ex. 2.) There is no indication from the affidavit that Mr. Medina was ever employed by Shamrock Chevrolet or at any Group One dealership in Texas. (*Id.*) Mr. Medina makes the following statement in his affidavit:

> I overheard Luna and Duport gathering fabricated statements from other employees that Melvin was yelling, cursing, and being physically violent. When some of the employees refused to sign such statements, I overheard Brian Luna say "don't worry about them, I'll take care of them." I know that one employee, Cristobal Jaramillo

---

[1] Counsel for Defendants, who was also counsel for Group One in another discrimination suit in this district, *Houston v. Casa Chevrolet*, 08cv1168 WPL/DJS (D.N.M. 2010), moved to have Mr. Medina's affidavit stricken on a different ground – as a violation of the New Mexico Rules of Professional Conduct 16-402, which prohibits a lawyer from contacting a person with "managerial responsibility" on behalf of a corporation. In *Houston*, Judge Lynch declined to strike the affidavit, but noted, without specifically addressing Mr. Medina's affidavit, that some of the information submitted by the plaintiff via affidavits did not appear to be based on personal knowledge and therefore would not be considered for purposes of summary judgment. *See Houston v. Casa Chevrolet*, 08cv1168 WPL/DJS, Doc. 137, at 5 n.3 (D.N.M. Dec. 15, 2010).

refused to sign a fabricated statement and was fired for helping Marvin [sic].

(*Id.*)

The second affidavit that Defendants move to strike is that of Lucille Quezada. According to representations of counsel and evidence submitted in connection with the parties' summary judgment briefs, Ms. Quezada worked as a secretary with human resources responsibilities at Casa Chevrolet in Albuquerque, New Mexico. (*See* Doc. 42, Ex. 2, ¶ 8.) As with Mr. Medina, there is no indication in Ms. Quezada's affidavit that she worked at Shamrock Chevrolet or at any Group One dealership in Texas. (Doc. 42, Ex. 3.) Ms. Quezada's affidavit includes the following statement:

> All employees that had access to interoffice email used it for memos, business information, personal emails to friends and family, and also forwards. . . . I have not been aware of anyone being reprimanded for email or computer usage until now.

(*Id.*)

Principally, Defendants lament that Plaintiff failed to identify either Mr. Medina or Ms. Quezada as potential witnesses or to provide their affidavits in his initial disclosures, during the course of discovery, or at anytime before the filing of his response to Defendants' summary judgment motion.[2] According to Defendants, Plaintiff's failure to disclose these potential witnesses and/or their affidavits amounts to a violation of Rule 26(e)(1)(A), which provides an obligation to supplement disclosures or responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Additionally, Defendants argue that the affidavits are irrelevant to the matters at issue and are

---

[2] The Court notes that, while Plaintiff was *pro se* when he submitted his initial disclosures and when the parties' Joint Status Report was prepared and adopted by the Court, and therefore entitled to some leniency, his present counsel had entered an appearance by April 12, 2010, almost six months before the period for discovery ended on October 1, 2010.

not based on the affiants' personal knowledge.

Plaintiff has since designated both Mr. Medina and Ms. Quezada as potential witnesses in the parties' March 7, 2011 Proposed Pretrial Order and maintains that their affidavits are probative of the matters at issue on summary judgment and are based on the affiants' personal knowledge.

## II. DISCUSSION

Defendants urge the Court to strike the affidavits of Mr. Medina and Ms. Quezada, offering three grounds:  1) Plaintiff did not disclose either individual as a witness in his initial disclosures or in discovery; 2) the affidavits are irrelevant; and 3) the affidavits are not based on the affiants' personal knowledge.  Plaintiff opposes Defendants' motion to strike, arguing that the failure to designate Mr. Medina and Ms. Quezada was substantially justified and harmless, that the affidavits are based on personal knowledge, and that they are relevant to the matters at issue.  Plaintiff suggests that the best course to minimize prejudice to Defendants at this stage in the proceedings would be to re-open discovery with regard to Mr. Medina and Ms. Quezada.

### A.  Failure to Disclose Under Fed. R. Civ. P. 26(a)(1)

Federal Rule of Civil Procedure 26(a)(1) requires a party to disclose the name and contact information for "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1).  Rule 26(e)(1)(A) also provides an obligation to supplement disclosures or responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Moreover, according to Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citing *Mid-Amer. Tabelwares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). Although a district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of the failure to disclose, it should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id.*

With respect to the first factor – the prejudice or surprise to the party against whom the testimony is offered – Defendants would no doubt suffer some prejudice if the affidavits of Mr. Medina and Ms. Quezada were considered in deciding the pending summary judgment motion, as the witnesses were not identified by Plaintiff until after the discovery deadline had passed and the motion for summary judgment was drafted. On the other hand, if Defendants were permitted to depose Mr. Medina and Ms. Quezada and granted leave to amend their summary judgment motion, the prejudice to Defendants would be significantly diminished. Moreover, relatively little prejudice would result from allowing Mr. Medina and Ms. Quezada to testify at trial, provided that proper discovery was permitted in the meantime, given that a trial date has not yet been set. *Cf. Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-11 (10th Cir. 2002) (noting that "the timing of [a motion to amend a pretrial order to add a defense] in relation to commencement of trial is an important element in analyzing whether the amendment would

cause prejudice or surprise" and concluding that the trial court abused its discretion in denying the motion to amend).

Additionally, Plaintiff notes that on September 7, 2010, the subject affidavits were submitted in opposition to a motion for summary judgment filed by Group One in separate matter in this district, *Houston v. Casa Chevrolet*, 08cv1168 WPL/DJS (D.N.M. 2010), which was defended by the same counsel as in this case. Plaintiff argues that these witnesses and their affidavits are therefore no surprise to Defendants or their counsel. Defendants argue, in contrast, that Group One and its counsel's prior familiarity with the affidavits and witnesses did not provide notice that the affidavits might be used by Plaintiff in this case. While the Court agrees that knowledge of the existence of the affidavits does not equate to notice that the affidavits might be relied upon by Plaintiff here, any prejudice and surprise to Defendants has been mitigated by this prior familiarity. Consequently, this first factor does not weigh heavily in either party's favor.

Regarding the second and third factors – the ability of the party to cure the prejudice and the extent to which introducing such testimony would disrupt trial -- Plaintiff, once again, suggests that any prejudice to Defendants could be cured by opening discovery for the limited purpose of allowing Defendants to depose Mr. Medina and Ms. Quezada. Defendants resist Plaintiff's suggested course, arguing that "reopening discovery would result in a disruption of a long established orderly procedure." (Doc. 48, at 6.)

In the Court's view, reopening discovery would disrupt the progress of the matter to some degree, though not dramatically so, as no trial date has yet been set. The second and third factors are basically a wash: while the second factor weighs slightly in favor of denying Defendant's motion, the third factor weighs slightly in favor of striking the affidavits.

Finally, with regard to the fourth factor – the moving party's bad faith or willfulness – Plaintiff insists that it was only when his counsel began conducting research necessitated by Defendants' motion for summary judgment that the affidavits were uncovered.  Specifically, Plaintiff claims that the affidavits were not known to him, and that their need was not known, "until defendants filed their motion for summary judgment raising for the first time the claim that plaintiff was fired for looking for a job on his computer."  (Doc. 47, at 2.)  Plaintiff argues that this "additional defense," asserted after the close of discovery, caused his counsel to search for evidence to oppose the motion from "another public record."  (*Id*. at 3.)  Although Defendants maintain that Plaintiff was not in fact terminated for the misuse of his work computer, they offer no reason for the Court to question the veracity of the representations of Plaintiff's counsel concerning his discovery of the affidavits.  The fourth factor weighs in favor of denying Defendants' motion.

   Relatedly, Defendants argue that the subject affidavits should be stricken because they are irrelevant to the matters at issue, as Plaintiff was not in fact fired for misusing the company computer.  Defendants' briefs and pleadings confirm that their general position is that Plaintiff was fired solely for sharing confidential salary information.  Indeed, Defendants insist that Plaintiff's justification for discovering and now relying upon the subject affidavits – that he was conducting research related to an "additional defense" presented in Defendants' summary judgment motion – is improper.  However, the affidavit of Julie Lawson, the Human Resources Manger for Group One, which was submitted by Defendants in support of their summary judgment motion, muddies the issue.  Ms. Lawson states that Plaintiff was fired "because he disclosed that he had a salary guarantee to his coworkers who did not have such a guarantee, because he was not performing up to expectations in terms of his work, and *he was looking for*

7

*a new job using Group 1's computers during his work time.*" (Doc. 40, Ex. 9, ¶ 4) (emphasis added).  Although Defendants' counsel denies that the misuse of the computer was a basis for Plaintiff's termination, the evidence before the Court, specifically the affidavit of Ms. Lawson, suggests otherwise.  Whether the reasons that have been articulated for Plaintiff's termination – including, now, for the misuse of his work computer – are pretextual remains a central issue in this case.  As such, Mr. Medina's affidavit, which addresses a possible retaliatory motive for Plaintiff's termination, and Ms. Quezada's affidavit, which concerns Group One's history of computer usage for personal matters, are relevant.

With regard to the personal knowledge of the affiants, under Rule 56(c)(4), "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(c)(4).  Defendants emphasize, first, that Mr. Medina was employed at Casa Chevrolet in Albuquerque, and not in Texas, and argue that because he was no longer working for any Group One dealership during the period of time relevant to Plaintiff's suit, he could have "absolutely no personal knowledge regarding the conditions of plaintiff Jaramillo's employment or Group 1's decision to terminate him." (Doc. 44, at 7.)  Plaintiff, on the other hand, contends that Mr. Medina's affidavit *is* based on personal knowledge, noting that Mr. Medina stated that he "overheard" management attempting to gather fabricated statements adverse to Melvin Houston at the time of Mr. Houston's termination.[3]  Further, Mr. Medina stated in his affidavit that he "overheard" Brian Luna say "don't worry about them, I'll take

---

[3] Mr. Houston was terminated from Casa Chevrolet in Albuquerque in February 2008, *see Houston v. Casa Chevrolet*, 08cv1168 WPL/DJS, Doc. 55, at ¶ 12 (D.N.M. Oct. 8, 2009), while Mr. Medina remained employed there, *see* (Doc. 42, Ex. 2).

care of them," when employees refused to sign fabricated statements.  Finally, although Mr. Medina's affidavit is not entirely precise as to his basis of knowledge regarding the reason for Plaintiff's termination, he states, "I know that one employee, Cristobal Jaramillo refused to sign a fabricated statement and was fired for helping Marvin [sic]." Because Mr. Medina's affidavit suggests that he was privy to conversations, or at least personally overheard conversations by management employees, concerning the participation of employees, including Plaintiff, in the discrimination claims of Mr. Houston and concerning potential acts of retaliation against these employees, the Court concludes that allowing Defendants the opportunity to explore Mr. Medina's basis of knowledge is preferable to striking his affidavit for want of personal knowledge.

Finally, Defendant argues that Ms. Quezada lacked personal knowledge regarding the conditions of Plaintiff's employment or his termination, as she was employed only at Casa Chevrolet in Albuquerque.  Plaintiff counters by arguing that Ms. Quezada worked under the same Group One policies and practices that Plaintiff and others did with respect to computer use.   Ms. Quezada was also apparently given some human resources responsibilities within Casa Chevrolet and/or Group One.  Once again, the Court will allow Defendants to explore Ms. Quezada's basis of knowledge through discovery methods in lieu of striking her affidavit altogether.

On balance, then, the factors and considerations at play weigh in favor of denying Defendants' motion to strike.  As such, the Court declines to strike the affidavits of Mr. Medina and Ms. Quezada, but will instead re-open discovery for the limited purpose of allowing Defendants the opportunity to depose these witnesses.

**III. CONCLUSION**

For all of these reasons, the Court finds that Defendants' motion to strike is not well-taken and should be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Certain Affidavits Submitted by Plaintiff (Doc. 44), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that discovery shall be re-opened for a period of sixty days for the limited purpose of allowing Defendants an opportunity to depose the newly-designated witnesses, Robert Medina and Lucille Quezada.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 40) is hereby **MOOT** and that Defendants will be permitted to file an amended motion for summary judgment after deposing Mr. Medina and Ms. Quezada.

_____
SENIOR UNITED STATES DISTRICT JUDGE